# Exhibit A

**LAW OFFICES OF JOHN L. KEMENCZY, LLC**
**West Caldwell Office Park**
**175 Fairfield Avenue – Suite 3D**
**West Caldwell, New Jersey 07006-6415**
**(973) 364-7700**
**NJ Attorney ID No. 005691988**
**Attorney for Plaintiffs, Anne Marie O'Keefe & Dennis O'Keefe**
(24-0001 Comp)

|  |  |
|---|---|
| **ANNE MARIE O'KEEFE and** | **SUPERIOR COURT OF NEW JERSEY** |
| **DENNIS O'KEEFE, PER QUOD** | **LAW DIVISION** |
| Plaintiffs, | **ESSEX COUNTY** |
|  | **DOCKET NO.** |
| vs. | **CIVIL ACTION** |
| **UBREAKIFIX, APPLE, INC. and JOHN** | **COMPLAINT & JURY DEMAND;** |
| **DOE 1-99 (said name being fictitious),** | **REQUEST FOR JUDICIAL NOTICE &** |
|  | **TIME UNIT CHARGE; DEMAND FOR** |
| Defendants. | **UNIFORM C, C(4) & SUPPLEMENTAL** |
|  | **INTERROGATORIES; AND** |
|  | **PRODUCTION OF DOCUMENTS AND** |
|  | **INSURANCE COVERAGE** |

Plaintiffs, Anne Marie O'Keefe and Dennis O'Keefe (hereinafter Anne Marie, Dennis, plaintiff or plaintiffs) residing at 19 Springbrook Road, Township of Livingston, State of New Jersey, by way of complaint against the defendants, says:

## BACKGROUND AND PARTIES

1. The subject matter of this complaint arises from an accident occurring on or about July 6, 2023 (hereinafter date of accident).

2. This accident occurred near, at upon 19 Springbrook Road, Township of Livingston, New Jersey (hereinafter place of accident).

3. Anne Marie is the owner of an Apple iPhone, Model No. 12 (hereinafter iPhone).

4. On or about the date of accident, and continuing up to the present, defendant

Ubreakifix (hereinafter Ubreakifix) is an electronic repair service provider with its corporate office located at 200 South Orange Avenue, Suite 200, Orlando, Florida and maintaining a place of business at 304 Millburn Avenue, Millburn, New Jersey.

5. Ubreakifix is in the business of repairing electronic devices, inclusive of Apple iPhones.

6. On or about June 29, 2023, Ubreakifix took possession of Anne Marie's iPhone for the purpose of making repairs as identified in the Ubreakifix Work Order No. 19410200.  Copy annexed hereto as "EXHIBIT A."

7. On or about the date of accident, and continuing up to the present, defendant Apple, Inc. (hereinafter Apple) is American multinational and technology company maintaining its corporate office at One Apple Park Way, Cupertino, California.

8. Apple is in the business of consumer electronics, software and services and maintains approximately ten (10) places of business in New Jersey.

9. On or about the date of accident John Doe 1-99 is identified as a fictitious manufacturer, owner, lessee, lessor, maintainer, contractor, sub-contractor consultant and or any other fictitious defendant that may be identified through continuing investigation and discovery, responsible for inspecting, securing, repairing, servicing, and/or maintaining, manufacturing, selling, merchandising, installing, supplying and/or distributing electronics, software, and services.

10. On or about the date of accident, while at the place of accident, plaintiff sustained injuries as a result of negligence from Ubreakifix.

11. On or about the date of accident, while at the place of accident, plaintiff sustained injuries as a result of her iPhone combusting while in her pocket.

## FIRST COUNT - UBREAKIFIX

12. Plaintiff repeats each and every allegation of Paragraphs 1 through 11 of the Complaint and incorporates same as if fully set forth at length herein.

13. On or about the date of accident, at the place of accident, defendant Ubreakifix had a duty to inspect, maintain, repair, and make the cell phone reasonably safe for the proper use of plaintiff. The dangerous conditions that caused the accident were known or, in the exercise of reasonable care, should have been known to the defendant.

14. Defendant Ubreakifx breached its duty to plaintiff by carelessly and negligently failing to properly inspect, maintain, and repair the iPhone causing plaintiff to sustain injuries.

15. Defendant Ubreakifix's breach of duty constitutes negligence sufficient to sustain a cause of action.

16. As a direct and proximate result of the carelessness and negligence of defendant Ubreakifix, plaintiff suffered severe and permanent bodily injuries and disfigurement, has incurred and will continue to incur extensive medical bills, has been and will continue to be disabled, and has been and continues to be prevented from engaging in her usual activities.

WHEREFORE, plaintiff demands judgment against this defendant for damages together with lawful interest and costs of suit.

## SECOND COUNT - APPLE

Plaintiff repeats each and every allegation of Paragraphs 1 through 16 of the Complaint and incorporates same as if fully set forth at length herein.

17. On or about the date of accident, at the place of accident, defendant Apple,

at all times relevant hereto, acted through their respective officers, employees and agents, who in turn were acting within the scope of their authority and employment in furtherance of the business of defendants.

18.   On or about the date of accident, plaintiff was injured by an iPhone and/or its peripheral equipment manufactured, sold, merchandised, installed, supplied and/or distributed, directly or indirectly, by Apple.

19.   The products manufactured, sold, merchandised, installed, supplied and/or distributed by Apple were defective in their inadequate warnings causing the products to be dangerous and defective thereby making them unsafe for their intended use. The products were defective because they were not reasonably suitable for their intended purpose and were unreasonably dangerous because the cell phone and/or its peripheral equipment was able to catch fire through normal use.

20.   Apple foresaw, or should have foreseen, that their products would reach users of their products in the same condition in which they were placed into the stream of commerce.

21.   Plaintiff was unaware of the dangerous and defective nature of the products manufactured, sold, merchandised, installed, supplied and/or distributed by Apple.

22.   The utility of the products manufactured, sold, merchandised, installed, supplied and/or distributed by defendants was outweighed by the risks associated with the products.

23.   During all relevant time periods plaintiff used the products manufactured, sold, merchandised, installed, supplied and/or distributed by Apple in their intended manner.

24.   During all relevant time periods Plaintiff was a foreseeable and intended user

of the products manufactured, sold, merchandised, installed, supplied and/or distributed by Apple.

25. The failure of Apple to properly design their products and provide adequate warnings proximately caused the injuries and damages sustained by plaintiff.

26. As a direct and proximate result of plaintiff's exposure to the iPhone and/or its peripheral equipment manufactured, sold, merchandised, installed, supplied and/or distributed by Apple plaintiff has been injured and continues to suffer from her injuries.

27. Defendant Apple and fictitious defendants, as the manufacturers, sellers, merchandisers, installers, suppliers and/or distributors of the products to which plaintiff was exposed, are therefore strictly liable in tort to plaintiff.

28. As a direct and proximate result of the carelessness and negligence of defendant Apple, plaintiff suffered severe and permanent bodily injuries and disfigurement, has incurred and will continue to incur extensive medical bills, has been and will continue to be disabled, and has been and continues to be prevented from engaging in her usual activities.

**WHEREFORE,** plaintiff demands judgment against this defendant for damages together with lawful interest and costs of suit.

### **THIRD COUNT – JOHN DOE 1-99**

29. Plaintiff repeats each and every allegation of Paragraphs 1 through 28 of the Complaint and incorporates same as if fully set forth at length herein.

30. On or about the date of accident, at the place of accident, defendant John Doe 1-99, at all times relevant hereto, acted through their respective officers, employees and agents, who in turn were acting within the scope of their authority and employment in

furtherance of the business of defendants.

31.  On or about the date of accident, plaintiff was injured by an iPhone and/or its peripheral equipment designed, manufactured, inspected, sold, merchandised, installed, supplied and/or distributed, directly or indirectly, by John Doe 1-99.

32.  The products designed, manufactured, inspected, sold, merchandised, installed, supplied, distributed and/or repaired by John Doe 1-99 were defective in their inadequate warnings causing the products to be dangerous and defective thereby making them unsafe for their intended use. The products were defective because they were not reasonably suitable for their intended purpose and were unreasonably dangerous because the cell phone and/or its peripheral equipment was able to catch fire through normal use.

33.  John Doe 1-99 foresaw, or should have foreseen, that their products would reach  users of their products in the same condition in which they were placed into the stream of commerce.

34.  Plaintiff was unaware of the dangerous and defective nature of the products manufactured, sold, merchandised, installed, supplied and/or distributed by John Doe 1-99.

35. The utility of the products manufactured, sold, merchandised, installed, supplied and/or distributed by defendants was outweighed by the risks associated with the products.

36.  During all relevant time periods plaintiff used the products manufactured, sold, merchandised, installed, supplied and/or distributed by John Doe 1-99 in their  intended manner.

37.  During all relevant time periods plaintiff was a foreseeable and intended user of the products manufactured, sold, merchandised, installed, supplied and/or distributed by John Doe 1-99.

38.  The failure of John Doe 1-99 to properly design their products and provide adequate warnings proximately caused the injuries and damages sustained by plaintiff.

39.  As a direct and proximate result of plaintiff's exposure to the iPhone and/or its peripheral equipment manufactured, sold, merchandised, installed, supplied  and/or distributed by John Doe 1-99 plaintiff has been injured and continues to suffer from her injuries.

40.  Defendant by John Doe 1-99 and fictitious defendants, as the manufacturers, sellers, merchandisers, installers, suppliers and/or distributors of the products to which Plaintiff was exposed, are therefore strictly liable in tort to plaintiff.

41.  As a direct and proximate result of the carelessness and negligence of defendant John Doe 1-99, plaintiff suffered severe and permanent bodily injuries and disfigurement, has incurred and will continue to incur extensive medical bills, has been and will continue to be disabled, and has been and continues to be prevented from engaging in her usual activities.

 **WHEREFORE,** plaintiff demands judgment against this defendant for damages together with lawful interest and costs of suit.

### **FOURTH COUNT – PER QUOD AGAINST ALL DEFENDANTS**

42.  Plaintiff repeats each and every allegation of Paragraphs 1 through 41 the Complaint and incorporates same as if fully set forth at length herein.

43.   Anne Marie and Dennis are and have been legally married since October 4,

1998.

44. As a direct and proximate result of the defendants' negligence, gross negligence, carelessness and/or recklessness and Anne Marie's bodily injuries and disfigurement, Dennis has suffered emotional distress, incurred medical expenses, economic damages, and has suffered the loss of consortium, companionship, society, affection, services, and support of his spouse.

**WHEREFORE,** Plaintiffs demands judgment against this defendant for Per Quod damages together with lawful interest and costs of suit.

**LAW OFFICES OF JOHN L. KEMENCZY, LLC**
**Attorney for Plaintiffs, Anne Marie O'Keefe**
**and Dennis O'Keefe**

By: _____
JOHN L. KEMENCZY, ESQ.

**Dated: July 2, 2025**

## TRIAL ATTORNEY DESIGNATION

In accordance with R.4:25-4, John L. Kemenczy, Esq. is hereby designated as trial attorney for this matter.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of six (6) persons as to all issues.

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify, that the within action is not the subject of any other action or arbitration, nor is any other action or arbitration pending.

I further certify that I am unaware of any other parties who should be joined in this action. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

LAW OFFICES OF JOHN L. KEMENCZY, LLC
Attorney for Plaintiffs, Anne Marie O'Keefe and Dennis O'Keefe

By: _____
JOHN L. KEMENCZY, ESQ.

Dated: July 2, 2025

## CERTIFICATION OF NO CONTROVERSIAL PERSONAL IDENTIFIERS

Confidential personal identifiers from any documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

> LAW OFFICES OF JOHN L. KEMENCZY, LLC
> Attorney for Plaintiffs, Anne Marie O'Keefe and Dennis O'Keefe
>
> By: _____
> JOHN L. KEMENCZY, ESQ.

Dated: July 2, 2025

## REQUEST FOR JUDICIAL NOTICE

Plaintiff by way of request to the Court and Notice to all counsel pursuant to New Jersey Rules of Evidence, Rule 201 et als, requests the Court to take judicial notice of the life expectancy table and the content thereof as referred to by New Jersey Court Rule 1:13-5.

LAW OFFICES OF JOHN L. KEMENCZY, LLC<br>
Attorney for Plaintiffs, Anne Marie O'Keefe<br>
and Dennis O'Keefe

By: _____<br>
JOHN L. KEMENCZY, ESQ.

Dated: July 2, 2025

## NOTICE OF TIME UNIT CHARGE

TAKE FURTHER NOTICE that the plaintiff requests a charge on the modified time unit instructions pursuant to <u>Henker v. Prebyulowski</u>, 216 N.J. Super. 513 (App. Div. 1987).

LAW OFFICES OF JOHN L. KEMENCZY, LLC<br>
Attorney for Plaintiffs, Anne Marie O'Keefe<br>
and Dennis O'Keefe

By: _____<br>
JOHN L. KEMENCZY, ESQ.

Dated: July 2, 2025

## DEMAND FOR UNIFORM FORM C AND C(4) INTERROGATORIES

Demand is herein made for each defendants to supply fully responsive answers to Uniform Interrogatories from Appendix II of the Current New Jersey Court Rules as required by R.4:17-1(b)(1) as to Interrogatories Form C and  C(4).

**LAW OFFICES OF JOHN L. KEMENCZY, LLC**
**Attorney for Plaintiffs, Anne Marie O'Keefe**
**and Dennis O'Keefe**

By: _____
        JOHN L. KEMENCZY, ESQ.

**Dated: July 2, 2025**

## **<u>DEMAND FOR SUPPLEMENTAL INTERROGATORIES</u>**

Demand is herein made for each named defendant to supply fully responsive answers to the following supplemental interrogatories as required by R.4:17-1(b)(1):

S1.    Was any written report of the accident or any circumstances relating to the accident made by the defendant or to the defendant or any servant, agent or employee of the defendant and if so, set forth the substance of the report and attach a copy hereto.

S2.    Does the defendant have possession of any photographs, motion pictures, videotapes or surveillance reports of the plaintiff and, if so, identify the contents of each and attach a copy hereto.

S3.     Does the defendant or anyone in the defendants behalf have knowledge of any other personal injury claims or lawsuits made by the plaintiff, either prior to or subsequent to the date of the accident and, if so, set forth the nature of each and attach a copy of all written documents relating thereto that are in the possession of the defendant.

S4.     Does the defendant or anyone in the defendant's behalf have knowledge of any other injuries, illnesses or medical conditions sustained by the plaintiff, either prior to or subsequent to the date of this accident and, if so, set forth the nature of each and attach a copy of all medical records or other written documents relating thereto that are in possession of the defendant.

S5.     Does the defendant or anyone in the defendant's behalf have possession of any medical records, reports, radiographs or diagnostic tests of any nature concerning the injuries sustained by the plaintiff in this accident and, if so, attach a copy of each document that is in the possession of the defendant.

S6.     Does the defendant contend that the plaintiff's injuries were caused by another accident or some other physical condition, disease or injury and, if so, set forth the nature of and attach a copy of all written documents relating hereto that are in the possession of the defendant.

S7.     Does the defendant contend that the plaintiff's injuries were caused by a third party, and, if so, set forth the name and address of the third party and attach a copy of all written documents supporting this contention that are in the possession of the defendant.

## **CERTIFICATION**

I hereby certify that the copies of the written reports or complete summaries or any oral reports of treating physicians or expert witnesses, annexed hereto, are exact copies of the entire written report or reports or complete summaries of any oral report or reports rendered by them; that the existence of other reports of treating physicians or expert witnesses either written or oral are unknown to me; and that if such reports become later known or available, I shall serve them promptly upon the propounding party, but in no case later than the time prescribed by the court rules.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
, Defendant

Dated:

## DEMAND FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE, that pursuant to Rule 4:18-1, we hereby request that Defendants Ubreakifix and Apple to produce true and complete copies within thirty (30) days of service of this request, at the Law Offices of John L. Kemenczy, LLC, 175 Fairfield Avenue, Suite 3D, West Caldwell, NJ 07006, or at such other location as is reasonable and convenient for the parties, for examination and for copying, the documents, records and/or tangible things listed below that are within your actual or constructive possession, custody or control.

## DOCUMENTS TO PRODUCE

1.      Any and all statements made prior to the date of filing of plaintiff's complaint, by any party to this lawsuit, their agents, representatives or employees, whether written or oral.

2.      Any and all statements made prior to the date of filing of plaintiff's complaint, by any witness to the events described in any and all of the paragraphs of the cause of action.

3.      Any and all statements made prior to the date of filing of plaintiff's complaint, by any persons other than witnesses or parties which relates or refers in any way to the cause of action.

4.      Any and all written reports rendered by defendant's proposed expert witnesses, including, but not limited to any medical expert witnesses intended or not intended to be called at the time of trial.

5.     Any and all books, treaties, commentaries, reports, statutes, codes, ordinances, rules, regulation or other published documents referred to and utilized by or relied upon by any expert witness whom defendant intends to call at trial.

6.     Any and all blue prints, charts, diagrams, drawing, graphs, maps, plats, plans, photographs, models or other visual reproductions of any object, place or thing prepared or utilized by, referred to or relied upon by any expert witnesses whom defendant intends to call at time of trial.

7.     A copy of any photographs or surveys of the scene of the accident or of any objects or persons involved therein whether in the possession of the attorney, or in the possession of any representatives of the insurance carriers, as well as photo static copies of any photographs taken of any damaged parts of any vehicle that may have been involved in the accident in question.

8.     A copy of any and all written reports or summaries or oral reports, as well as a copy of the curriculum vitae, of any and all experts that have been supplied to defendant's attorneys, whose testimony will be offered at the time of trial in the above captioned matter.

9.     All liability expert reports.  If oral, supply a complete summary of same.

10.    Copies of any statements obtained from any witnesses, any party to this action, any parties investigators, agents, servants or employees; if oral, supply a complete summary of same.

11.    Copies of any and all medical reports and bills from treating, consulting or examining physicians of plaintiff or defendant.

12.     Copies of any and all diagnostic tests, reports, summaries and bills relating to plaintiff or defendant.

13.     Copies of any and all interrogatories and responses thereto propounded or received by or from the other party with regard to this action.

14.     Provide a detailed summary and/or any supporting documents relating to or demonstrating any and all insurance policies which would cover any and all claims referred to in the plaintiff's complaint.

15.     Attach hereto copies of any and all documents demonstrating any and all benefits received of any kind and from any source to which the plaintiff or defendant were entitled as a result of the incident which is the subject of this lawsuit together with a summary or documents indicating benefits paid to date.

16.     A complete copy of each and every document which defendant may rely upon at the time of trial.

17.     A complete copy of any and all expert reports in the possession of the defendant regarding the subject matter of the lawsuit.

18.     All documents not produced pursuant to the above that the defendant may refer to at the time of trial, mark for identification or offer into evidence during the trial of this matter.

19.     All documents referred to or identified in defendants answer to interrogatories.

20.     A copy of the insurance declaration page for each and every insurance policy mentioned in defendant's answer to interrogatories.

21.     A copy of any and all contracts, leases or agreements defendant entered into with any other individual or entity which relates, refer or reflects on defendant's rental of a truck to Winebow on March 17, 2023.

22.     A copy of each and every document of other item obtained by subpoena which reflects, relates or refers to any named party or any other item at issue in this action.

23.     A copy of each and every document or other item obtained with plaintiff's authorization which reflects, relates or refers to any party named in this action.

24.     Statements concerning the action or subject matter previously made by the defendant pursuant to R.4:10-2(c).

25.     The reports of any examining experts who have conducted an examination pursuant to R.4:10-2 whether or not said expert is expected to testify as per R.4:10-2.

26.     All photographs in your possession which depicts the sites of the event and/or accident and/or persons and/or objects connected to the subject matter of the instant controversy.

27.     Copies of all liability and/or damages expert reports in your possession of any person you may call at trial as an expert pursuant to R.4:10-2(d).

28.     All other correspondence, memoranda, notes, diaries, photographs, videotapes or other documents not specifically requested above which refer or relate in any way to the incident.

29.     Any and all literature, articles, textbooks and written material related to the opinions of your respective expert witness(es) in this action.

30.     Any and all literature, articles, textbooks and written material upon which your respective expert witness(es):

    a.   relied in forming their opinion in this matter;

    b.   recognize as authorities or a standard authority, and/or;

    c.   recognize as trustworthy.

31.    Any and all literature, articles textbooks, and written material upon which you may and/or will rely at time of trial or on the cross-examination of defendant's witnesses.

32.    Your expert's complete file that he/she accumulated in the course of formulating his/her opinion concerning the injuries sustained by plaintiff including, but not limited to, the following:

    a.   All written reports rendered relating to the injuries sustained by plaintiff;

    b.   All documents relief upon in arriving at the opinions contained in your expert's written report(s);

    c.   All correspondence and documents sent by counsel to your expert;

    d.   All correspondence and documents sent by your expert to counsel;

    e.   All drafts or written reports;

    f.   All written summaries of oral reports;

    g.   All notes of conversations concerning this matter;

    h.   Your expert's curriculum vitae.

33.    A list of all lawsuits in which your expert has been consulted.

34.    Any and all literature, articles or published material that your expert has authored or co-authored.

35.    Any and all literature, articles, textbooks and other written material (as defined under the New Jersey Rules of Evidence) related to your expert's opinions.

36.    Any and all literature, articles, textbooks and other written material (as defined under the New Jersey Rules of Evidence) upon which you may and/or will rely during the course of this litigation up to and including time of trial.

37.    Any and all reports made by any person concerning the subject matter of plaintiff's Complaint.

38.    A copy of any and all documents, contracts, lease, or agreements pertaining to the inspection, maintenance, repair of the cell phone by Ubreakifix on June 29, 2023.

LAW OFFICES OF JOHN L. KEMENCZY, LLC
**Attorney for Plaintiffs, Anne Marie O'Keefe and Dennis O'Keefe**

By: _____
      JOHN L. KEMENCZY, ESQ.

**Dated: July 2, 2025**

## **DEMAND FOR DISCOVERY OF INSURANCE COVERAGE**

Pursuant to R.4:10-2(b), the plaintiff hereby demands that the defendant provided the following information with respect to the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment:

1. On the date of the accident, did the defendant have a liability insurance policy and, if so, set forth the name of the insurance company, the policy number, the effective date, the policy limits and attached a copy of the Declaration page.

2. On the date of the accident, did the defendant have any excess insurance liability coverage and, is so, set forth the name of the insurance company, the policy number, the effective date, the policy limits and attach a copy of the Declaration page.

3.  On the date of the accident, were there any other insurance agreements of policies not otherwise provided above under which any person or firm carrying on an insurance business may be liable to satisfy part of all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment and, if so, set forth the name of the insurance company, the policy number, the effective date, the policy limits and attach a copy of the Declaration page.

I hereby certify, under penalty of law, that that information set forth above in response to plaintiff's Demand for Discovery of Insurance Coverage is correct and that I will notify plaintiff's attorney immediately if I obtain any additional information.

_____

, Defendant

Dated:

304 Millburn
Millburn , New Jersey 07041

**973-315-1751**

Millburn@ubreakifix.com
www.uBreakiFix.com

Mon–Sat: 10:00AM – 7:00PM,
Sun: Closed



# UBREAKIFIX®

304 Millburn Ave.
Millburn, NJ 07041

**973-315-1751**

**Sale :** 21561400
**Merchant ID:** 45031880123004
**Your Tech:** Stuart A.
**Customer:** DENNIS OKEEFE
**Contact:** 973-420-6778

## iPhone 12
IMEI: 354696406636941

### Quick Diagnostic

| | |
|---|---|
| ✖ Powers On | ✖ LCD Display |
| ✖ Touch Responsive | ✖ Wifi |
| ✖ Loud Speaker | ✖ Volume Buttons |
| ✖ Power Button | ✖ Home Button |
| ✖ Ear Speaker | ✖ Front Camera |
| ✖ Rear Camera | ✖ Carrier Connection |
| ✖ Charge Port | ✖ Proximity Sensor |
| ✖ Headphone Jack | ✖ Microphone |
| ✖ No Water Damage Present | |

### Initial Technician Notes:

Asurion Service Order Service Bench Claim Number: 3035177249 Customer Claim Number: 304736364048 Service Job ID: SNWR636CF009-1 Service Description: MLFUNC, Screen Malfunctions:Yes, Screen glitch Problem Description: Screen glitch Model Number: S313-0425-IPH125G64WHT Client: AT&T

### Condition Notes:

Good. Minor amounts of physical damage visible (cracked glass for instance). Regular use cosmetic wear (minor scratches, scuffs, dents in more than 5 areas)

**Repair Type:**

## We Will Follow Up By
### 6/30/23 3:02 PM

**Work Order: 19410200**
Created: 6/29/23 at 3:02 PM

| | |
|---|---|
| **Amount Due** | **$0.00** |
| **Deductible Payment:** | Billed To AT&T Account |
| **Amount Paid In Store:** | $0.00 |

**"EXHIBIT A"**

**For repairs not covered by an OEM**

## For repairs not covered by an OEM Warranty or protection program:

The Repair Terms of Service apply generally to all repair services (referred to below as the "Services") and can be found at www.ubreakifix.com/terms-conditions (referred to below as the "Agreement"). IF YOU DO NOT AGREE WITH ANY OF THE TERMS OF THE AGREEMENT, YOU MAY NOT USE THE SERVICES. BY SIGNING BELOW, YOU ACKNOWLEDGE AND AGREE THAT YOU HAVE READ, UNDERSTAND AND ACCEPT THE AGREEMENT FOUND AT WWW.UBREAKIFIX.COM/TERMS-CONDITIONS IN ITS ENTIRETY.

## Please Read the Information and Sign Below to Consent That:

- I have read, understand, and agree to the Repair Terms of Service (the Agreement) located at www.ubreakifix.com/terms-conditions.
- I have read, understand, and agree to the Privacy Policy located at www.ubreakifix.com/privacy-policy.
- I authorize uBreakiFix to perform the Services described in this Service Authorization & Estimate.
- I understand that Services will be rendered for the Estimated Cost (plus applicable tax) shown above.
- I understand that uBreakiFix is not responsible (and I assume the risk) for any data loss, data corruption or breach of data on my device during service.
- I understand that if this device has been carrier unlocked, the carrier unlock may be removed during the repair, and uBreakiFix will not be able to alter the software from its manufactured state thereafter.
- I understand that if I fail to return for my device, my device shall be considered "abandoned" following two contact attempts using the contact information provided above within 60 days of Repair Completion, subject to all applicable provisions of law.
- I understand that I waive any rights under applicable law to have defective or replaced parts returned to me upon completion of repairs.
- I understand that uBreakiFix will collect data logs from my device during the repair process in accordance with the Repair Terms of Service located at www.ubreakifix.com/terms-conditions.

## OEM PARTS DISCLOSURE

- For Apple repairs, please read the information and sign below to consent that:
- Your Apple device repair may contain original or nonoriginal manufacturer parts and may affect your manufacturer's warranty.
- If a non-OEM part is available for your repair, and you have chosen to use the non-OEM part, you are authorizing a repair using third party non-original OEM parts and such parts may void your manufacturer's warranty. If the part description does not specifically state "OEM", assume the part is non-OEM.
- For Samsung In-Warranty repairs, please read the information and sign below to consent that:
- I understand that additional charges may apply if uBreakiFix by Asurion | Asurion Tech Repair & Solutions determines after further inspection that service not covered by the applicable manufacturer's Standard Limited Warranty, if any, is necessary to complete my repair. uBreakiFix by Asurion | Asurion Tech Repair & Solutions will contact me at the contact information provided above if such additional service is required.
- I understand that upon further inspection it could be determined that my device cannot be repaired due to

- I understand that upon further inspection it could be determined that my device cannot be repaired due to extensive damage or liquid damage that exceeds the applicable manufacturer's Standard Limited Warranty, if any, for the device. uBreakiFix by Asurion | Asurion Tech Repair & Solutions will contact me in such event.

- I understand that all repairs performed at applicable manufacturer authorized service centers, if any, require a full system update to ensure devices are working properly. I also understand that some of my existing applications and programs may not be compatible with the updated systems.

- For Google In-Warranty Repairs, please read the information and sign below to consent that:

- I have read the Repair Terms and Conditions for Google Devices, including the Arbitration Opt-Out provision, located at www.ubreakix.com/terms-conditions/google and agree that they apply to the service that uBreakiFix by Asurion | Asurion Tech Repair & Solutions will perform.

- I authorized and acknowledge that uBreakiFix by Asurion | Asurion Tech Repair & Solutions performed a factory restore on my device which deleted all data from the device.

- If I am receiving a loaner device to use while my device is being serviced, I understand and agree that I will be liable and charged for the retail price of the loaner device if the loaner device is lost or damaged.

## LIMITATION OF LIABILITY

- THE LIMITED WARRANTY STATED ABOVE SETS FORTH IN WWW.UBREAKIFIX.COM/TERMS-CONDITIONS SET OUT THE FULL EXTENT OF UBREAKIFIX'S RESPONSIBILITIES, AND THE EXCLUSIVE REMEDY REGARDING WORK PERFORMED OR PARTS SUPPLIED BY UBREAKIFIX IN CONNECTION WITH THE SERVICE ON YOUR DEVICE. ALL IMPLIED WARRANTIES, INCLUDING WITHOUT LIMITATION, IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, ARE LIMITED TO THE DURATION OF THE LIMITED WARRANTY. IN NO EVENT WILL UBREAKIFIX BE LIABLE FOR DAMAGES IN EXCESS OF THE TOTAL AMOUNT DUE FOR THE SERVICE, INCLUDING WITHOUT LIMITATION, COMMERCIAL LOSS OF ANY SORT; LOSS OF USE, TIME, DATA, REPUTATION, OPPORTUNITY, GOODWILL, PROFITS OR SAVINGS; INCONVENIENCE; INCIDENTAL, SPECIAL, CONSEQUENTIAL OR PUNITIVE DAMAGES; OR DAMAGES ARISING FROM THE USE OR INABILITY TO USE THE PRODUCT. SOME STATES AND JURISDICTIONS DO NOT ALLOW LIMITATIONS ON HOW LONG AN IMPLIED WARRANTY LASTS, OR THE DISCLAIMER OR LIMITATION OF INCIDENTAL OR CONSEQUENTIAL DAMAGES, SO THESE LIMITATIONS AND DISCLAIMERS MAY NOT APPLY TO YOU. UBREAKIFIX IS NOT LIABLE FOR ANY FAILURE OR DELAY IN PERFORMANCE TO THE EXTENT CAUSE BY CIRCUMSTANCES BEYOND ITS REASONABLE CONTROL.

Signature: DENNIS OKEEFE



521561400